SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Fantel, | No.  CV 22-01846-PHX-DLR (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

Plaintiff John Fantel, who is not in custody,[1] filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).  Plaintiff also filed a request and a motion to allow him to electronically file documents in this case (Docs. 3 and 4).  In addition, Plaintiff has filed a motion for a temporary restraining order (TRO) and a preliminary injunction (Doc. 5.)  The Court will grant the Application, deny the motions, and dismiss the Complaint for failure to state a claim with leave to file a first amended complaint within 30 days.

**I.     Statutory Screening of In Forma Pauperis Complaints**

The Court is required to screen complaints brought by persons proceeding in forma pauperis and seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or

---

[1]  This action was opened as a "prisoner" civil rights case and referred to the Court's staff for review pursuant to LRCiv 72.1(b).  Plaintiff was not in custody at the time this action was commenced, and therefore, the Complaint is not subject to screening under the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c), (h).

JDDL

portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

JDDL

## II.    Background

In 2015, Plaintiff commenced a pro se family court case in Maricopa County Superior Court, case #FC2015-094928, against Jennifer Spooner, with whom Plaintiff then-had a minor child.[2]  The docket for that case reflects the following: Plaintiff sought to register a State of Rhode Island custody decision concerning parenting time or visitation. On February 26, 2020, a petition to modify child custody was filed, but was apparently dismissed on July 23, 2020.  On November 12, 2021, a petition for temporary orders and a petition to modify child custody was filed.  An order was filed on December 21, 2021 but is not viewable online.

On August 23, 2021, Plaintiff filed a special action in Maricopa County Superior Court, case #LC2021-000231,[3] in which he alleged that the Mesa Police Department arrested him on August 26, 2020, and seized more than $8,000 cash, and other property, from him, which Plaintiff sought to have returned to him.[4]  In its answer to the special action, the City acknowledged that Plaintiff was arrested on August 26, 2020 pursuant to a Rhode Island warrant charging Plaintiff with extortion from his parents; $8,600 was seized from Plaintiff as possible evidence in the extortion case.  In its answer, the City affirmatively represented that it no longer possessed the seized money.  The City represented that the funds had been sent to Plaintiff following his extradition to Rhode Island and after Rhode Island declined to prosecute him for extortion.  The City denied having seized any other property from Plaintiff.  On May 12, 2022, the superior court dismissed the case after neither party responded to a court notice informing them the case would be dismissed absent further action.[5]

---

[2]     *See*   http://www.superiorcourt.maricopa.gov/docket/FamilyCourtCases/case Info.asp?caseNumber=FC2015-094928 (last accessed Dec. 8, 2022).

[3]   *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Lower%20Court/ 082021/m9674825.pdf (last accessed Dec. 8, 2022).

[4]   *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Lower%20Court /032022/m9890990.pdf

[5]     *See*   http://www.superiorcourt.maricopa.gov/docket/ProbateCourtCases/case Info.asp?caseNumber=LC2021-000231 (docket); http://www.courtminutes.maricopa.gov/

1

### III.    Complaint

2       Plaintiff names as Defendants the State of Arizona, the City of Phoenix, the City of

3   Mesa, and Valley Metro bus driver, Jean K.  Plaintiff seeks relief for purported violations

4   of the First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendments.  He also asserts

5   violations of 45 C.F.R. § 46, 5 U.S.C. § 301, 42 U.S.C. §§ 289 and 300v-1(b), and 18

6   U.S.C. §§ 1510, 1513, 1581, and 1831, among others.  Plaintiff seeks injunctive relief

7   against State of Arizona law enforcement, purportedly including Phoenix and Mesa police,

8   and against Valley Metro employees or its agents.  He also seeks injunctive relief against

9   the Maricopa County Superior Court and the State of Arizona to bar them from prohibiting

10  him access to the superior court.

11      Plaintiff alleges the following:

12      In August 2020, Mesa police, "from a false token sent by [former Rhode Island]

13  Governor Raimondo's office[,] sent a fraudulent extradition notice to the Arizona

14  Governor," Doug Ducey.  (Doc. 1 at 4.)  That is, Plaintiff claims the extradition warrant

15  was somehow fraudulent.  According to Plaintiff, the City of Mesa failed to provide lawful

16  process or notification regarding Plaintiff's vehicle and property, contrary to a City

17  attorney's representation that a notice had been sent to Plaintiff on September 2, 2020.  At

18  the time, Plaintiff was jailed in the Lower Buckeye Jail in Phoenix and did not receive

19  notice.  According to Plaintiff, the cash seized from him when he was arrested had been

20  stolen, a paper notice issued by the jail claimed "technical difficulties," and city did not

21  send Plaintiff's cash and belongings to him following his "false arrest" and extradition.

22  (*Id.*)

23      Plaintiff filed his special action, #LC2021-000231, using the court's e-file system,

24  seeking to recover the seized cash and other property.  According to Plaintiff, City of Mesa

25  Attorney Alexander Lindvall committed perjury, defamed Plaintiff, and stole City funds,

26  absent due process or court orders.  Plaintiff claims that Maricopa County Superior Court

27  Judges Kiley, Mahoney, and Blaney, and court deputy S. Motzer, all acted without

28  ───────────────
    viewerME.sp?fn=Lower%20Court/052022/m9977589.pdf (Minute Entry dismissing case)
    (last accessed Dec. 8, 2022).

**JDDL**

jurisdiction and absent notice and an opportunity to appear. On December 6, 2021, Lindvall stated that a check was to be issued, presumably for the money seized. Plaintiff claims that the next day, Lindvall falsely represented that Plaintiff had already received his money back. On January 3, 2022, Lindvall emailed Plaintiff and asked him to dismiss the case, but Plaintiff refused. Plaintiff additionally claims that he never received his personal vehicle back, which he describes as the "vehicle part of lawsuit." (*Id.*)

Plaintiff additionally alleges that:

In February 2022, someone gave Plaintiff money and he traveled back to Arizona, apparently from Rhode Island. Since his arrival, Phoenix police have been illegally surveilling and harassing him. Plaintiff believes police have used civilians, prisoners, and helicopters to track him. On one occasion, Plaintiff approached an officer and complained that they were interfering with his parental rights and aiding a kidnapping. The officer's response indicated that he knew the gender and location of Plaintiff's child and that the child was not in Phoenix. According to Plaintiff, prisoners with GPS ankle monitors were employed to stalk Plaintiff, which Plaintiff claims is not authorized by state statutes.

At some point, Plaintiff was issued a laptop by the Cholla Public Library, but it was used to violate Plaintiff's First Amendment privacy rights and his Fourth Amendment right against unreasonable searches. The laptop had special software to send all data, including keystrokes, and save documents without accessing the internet only to have "gang stalkers" harass Plaintiff. Further, according to Plaintiff, to follow him, the City of Phoenix "used" young children and people with rental information who repeatedly verbally threatened Plaintiff by "announcing their 38 caliber pistol" and leaving ammunition packaging in plain view. They saw Plaintiff walk to a police station after following Plaintiff on a bus, "only to return from this direction where a single Phoenix police vehicle was seen nearby, the direct opposite direction from [Plaintiff's] destination . . . and then to double back and return to . . . only 10 feet or so away from Plaintiff, using exact language from Plaintiff's private writings, which were never emailed to the public, on the City of Phoenix laptop." (*Id.* at 7.) Plaintiff claims that he began to be stalked on June 15, 2022.

JDDL

- 5 -

At some point, the laptop and Plaintiff's belongings were stolen by a business at Metrocenter Mall.  Plaintiff alludes to acts of torture, which he claims is proscribed by the Ninth Amendment.  Plaintiff also alludes to violations of federal criminal statutes.  He claims the business that stole his belongings conspired with "gang stalkers" and committed hate crimes against him.  (*Id.* at 8.)  He asserts the heat last summer was a recognized form of manslaughter.  (*Id.* at 9.)  Plaintiff claims that he was wrongfully denied rental and utility assistance.

Plaintiff claims that Valley Metro employees have targeted him since May 2022.  Plaintiff apparently disputes that Valley Metro is owned by a separate entity and not the City of Phoenix.  Plaintiff also claims that he has been wrongfully accused of failing to pay public transit fares, which resulted in police reports and arrests.

Although Plaintiff was previously allowed to use Maricopa County Superior Court's e-filing system, he is now denied access to file suits.  When he has attempted to seek assistance by calling phone numbers provided to him to attempt to qualify for free services, the calls have been disconnected, which Plaintiff interprets as denying him access to the courts.  Plaintiff seeks compensatory, punitive, and declaratory relief and public disclosure of the Defendants' actions.

## IV.   Failure to State a Claim Under 42 U.S.C. § 1983

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   State of Arizona

Under the Eleventh Amendment to the Constitution of the United States, neither a

JDDL

state nor a state agency may be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' within the meaning of § 1983." *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).  Likewise, "'arms of the State' such as the Arizona Department of Corrections are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Accordingly, the State of Arizona will be dismissed as a Defendant.

### B.    Cities of Phoenix and Mesa

Plaintiff sues the City of Phoenix and the City of Mesa.  A § 1983 claim against a municipal defendant, such as the City of Phoenix or the City of Mesa, "cannot succeed as a matter of law" unless a plaintiff: (1) alleged that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff does not plausibly allege facts to support that the City of Phoenix or the City of Mesa maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights, and a municipality may not be sued solely because an injury was inflicted by its employees or agents.  *See Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).   The actions of employees may only support municipal liability if the employees were acting pursuant to an official policy or custom of the municipality.  *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).  Accordingly, the City of Phoenix and the City of Mesa will be dismissed.

### C.    Jean K.

Plaintiff also sues a Valley Metro[6] bus driver identified only as "Jean K."  Even if Plaintiff had provided Jean K.'s full name, Plaintiff fails to allege facts to plausibly support when, where, or how this Defendant violated his federal civil rights under color of state

---

[6] Plaintiff claims that Valley Metro should be listed on the Arizona Secretary of State's website but is not.

JDDL

law.   Accordingly, Plaintiff fails to state a claim against Jean K and Jean K will be dismissed.

### D.      The Complaint will be Dismissed

For the reasons discussed above, all the named Defendants will be dismissed. Although Plaintiff alleges that he never received a check or draft for the money seized from him following his arrest, Plaintiff fails to connect those allegations to any properly named Defendant or sufficiently allege facts to support that the seizure, and alleged failure to return the money, violated his constitutional rights.[7]   Otherwise, the balance of Plaintiff's allegations are rambling, paranoid, fanciful, or possibly delusional, and unconnected to any properly named Defendant.   The Court will dismiss the Complaint with leave to amend.

## V.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.   Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.   The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.[8]   If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."   The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.   Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

---

[7]  Further, to the extent that Plaintiff alleges that he never received a check or draft from the City of Mesa for the funds seized from him, it appears that Plaintiff could attempt to obtain a copy of the check or draft, front and back, from the City of Mesa and then attempt to determine when, how, and by whom it was cashed or deposited.   If the check or draft has never been cashed or deposited, Plaintiff could seek issuance of a replacement check.

[8]  Although Plaintiff is not a prisoner, the Clerk of Court will send Plaintiff the form complaint for use by prisoners to aid him in drafting an amended complaint.

1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.     Motion to Allow Electronic Filing**

Plaintiff asks to be granted leave to electronically file documents. Although Plaintiff has submitted the appropriate form, the allegations in his Complaint belie his representation that he has the capacity to electronically file documents as required.[9] Further, electronic filing requires the parties to code their filings so that they are properly docketed electronically. When electronically filed documents are not properly docketed, they are not easily retrievable by the Court on its case management reports. Therefore, because Plaintiff has not shown that he possesses the legal training necessary to properly file and docket matters in this case, his request will be denied.

**VII.    Injunctive Relief**

Plaintiff also seeks injunctive relief against the Maricopa County Superior Court to require it to allow him to electronically file lawsuits using its e-filing system. The motion will be denied. Plaintiff did not name the Maricopa County Superior Court as a defendant.[10] Even if he had, a state court is not a proper defendant in a case filed pursuant to 42 U.S.C. § 1983. A "state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1997) (citing *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)); *Rothstein v. Montana Supreme Court*, 638 F. Supp. 1311, 1312 (D. Mont. 1986); *Louis v. Supreme Court of Nevada*, 490 F. Supp. 1174, 1180 (D. Nev. 1980) (as a state is

---

[9] Plaintiff indicates that he is homeless and has no property.

[10] Plaintiff included "Maricopa Superior Court" in the caption, but he did not list that, or any other court, as a defendant.

JDDL

not a "person" within the meaning of § 1983, neither is the state's supreme court a "person" under the statute.  Similarly, a police department is not a "person" within the meaning of § 1983.  *See e.g., Petaway v. City of New Haven Police Dep't*, 541 F. Supp. 2d 504, 510-11 (D. Conn. 2008); *Pahle v. Colebrookdale Twp.*, 227 F. Supp. 2d 361, 367 (E.D. Pa. 2002); *Johnson v. Scottsdale Police Dep't*, No. CV15-0094, 2015 WL 875371, at *3 (D. Ariz. Mar. 2, 2015).

## VIII.  Warnings

### A.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### B.  Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.

(2)    Plaintiff's motion to allow electronic filing by party appearing without an attorney (Doc. 4) is **denied**.

(3)    Plaintiff's motion for a preliminary injunction (Doc. 5) is **denied**.

(4)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(5)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with

JDDL

1  prejudice and deny any pending unrelated motions as moot.

2        (6)      The Clerk of Court must mail Plaintiff a court-approved form for filing a

3  civil rights complaint by a prisoner.

4        Dated this 3rd day of January, 2023.

_____

Douglas L. Rayes
United States District Judge

JDDL

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

<u>Phoenix & Prescott Divisions</u>:     **OR**     <u>Tucson Division</u>:
U.S. District Court Clerk                          U.S. District Court Clerk
U.S. Courthouse, Suite 130                     U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10       405 West Congress Street
Phoenix, Arizona   85003-2119               Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

       I hereby certify that a copy of the foregoing document was mailed
       this _____ (month, day, year) to:
       Name:   _____
       Address:_____
                        Attorney for Defendant(s)

       _____
       (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                 Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

               Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
            (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as: _____ at_____.
(Position and Title)                                                                 (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                                                 (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as: _____ at_____.
(Position and Title)                                                                 (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                                                 (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count I?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated:  _____
_____ .

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail                ☐ Access to the court        ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion       ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety   ☐ Other:  _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                            ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?         ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____ .

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
 ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
 ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
 ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
 a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☐ Yes   ☐ No
 b.   Did you submit a request for administrative relief on Count III?  ☐ Yes   ☐ No
 c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
 d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                                 DATE                                                     SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.